**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

*Counsel for Plaintiffs Yueqiang Wang and*
*Tranquil Star Holdings Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KABULA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CEPTON, INC., JUN PEI, DONG CHANG, and MITCHELL HOURTIENNE,<br><br>Defendants. | No. 4:25-cv-8571-YGR<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |

YUEQIANG WANG and TRANQUIL STAR HOLDINGS, INC., Individually and on Behalf of All Others Similarly Situated,

Plaintiffs,

v.

CEPTON, INC., JUN PEI, DONG CHANG, MITCHELL HOURTIENNE, JUN YE, GEORGE SYLLANTAVOS, MEI WANG, XIAOGANG ZHANG, TAKAHITO OTAKE, HIDEHARU KONAGAYA, TAKAYUKI KATSUDA, and CRAIG-HALLUM CAPITAL GROUP LLC,

Defendants.

No. 3:25-cv-10386-CRB

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT pursuant to Civil Local Rules 3-12 and 7-11 of the United States District Court for the Northern District of California ("Local Rules"), Plaintiffs Yueqiang Wang and Tranquil Star Holdings Inc. (together, "Wang") respectfully submit this Administrative Motion to Consider Whether Cases Should Be Related (the "Motion") to request that the following actions be related, and that the *Wang* Action (defined below) be assigned to the Honorable Yvonne Gonzalez Rogers.

- *Yueqiang Wang, et al. v. Cepton, Inc., et al.*, No. 3:25-cv-10386-CRB (N.D. Cal. filed Dec. 3, 2025) (the "*Wang* Action");
- *Kabula v. Cepton, Inc., et al.*, No. 4:25-cv-8571-YGR (N.D. Cal. filed Oct. 7, 2025) (the "*Kabula* Action").

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Local Rule 3-12(a), actions are related to one another, and should be assigned to the same judge, when they "concern substantially the same parties, property, transaction, or event" and "it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

Wang respectfully submits that this standard is satisfied here. Both matters concern substantially overlapping defendants, factual allegations, Class Periods, and causes of action. The operative complaints in both actions assert violations of the Securities Exchange Act of 1934 (the "Exchange Act"). The federal securities law violations in each matter arise from the same conduct, *i.e.*, misleading statements and omissions made by Cepton, Inc. ("Cepton") and certain Cepton executives in connection with the "take private" acquisition (the "Merger") of Cepton by Koito Manufacturing Co., Ltd. All defendants in the *Kabula* Action are defendants in the *Wang* Action.[1] The *Wang* Action Class Period—July 29, 2024 through January 7, 2025, which includes persons

---

[1] In addition to the Exchange Act claims under Sections 10(b) and 20(a), the *Wang* Action asserts Sections 14(a) and 20(a) claims on behalf of Cepton common stock holders entitled to vote on the Merger at issue in both the *Wang* and *Kabula* Actions, and also names as defendants certain Cepton directors and the financial advisor to the special committee of the board.

and entities that sold into the Merger that closed on January 7, 2025—is nearly identical to and only one day longer than the *Kabula* Action Class Period: July 29, 2024 through January 6, 2025.[2]

Given the substantial overlap, assignment of a single judge to both actions will conserve judicial resources and promote an efficient determination of these matters, as they will necessarily involve overlapping legal issues, discovery demands, and related disputes. In contrast, proceeding before different judges would likely lead to an unduly burdensome duplication of labor and expense. Prior to filing this Motion, counsel for Wang conferred with counsel for plaintiff Kabula in the *Kabula* Action, who does not oppose this Motion.[3]

Accordingly, Wang respectfully requests that the Court enter an Order granting this Motion, relating the *Wang* Action to the *Kabula* Action, and directing the Clerk to reassign the *Wang* Action to the Honorable Yvonne Gonzalez Rogers pursuant to Local Rule 3-12. A [Proposed] Order relating the *Wang* Action to the *Kabula* Action is submitted herewith.

Dated: December 4, 2025

Respectfully submitted,

By: */s/ David R. Kaplan*
David R. Kaplan
**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
505 Lomas Santa Fe Drive
Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096
dkaplan@saxenawhite.com

Marco A. Dueñas (*pro hac vice* forthcoming)
10 Bank Street, Suite 882
White Plains, NY 10606
Tel.: (914) 437-8551
Fax: (888) 631-3611
mduenas@saxenawhite.com

*Counsel for Plaintiffs Yueqiang Wang and Tranquil Star Holdings Inc.*

---

[2] *See* Exhibit A, Complaint filed in the *Wang* Action, attached to the Declaration of David R. Kaplan in Support of Wang's Motion, filed concurrently herewith.

[3] As of the date of this Motion, Defendants have not appeared in the *Wang* or *Kabula* Actions.

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 4, 2025, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan

ADMIN. MOT. TO CONSIDER
WHETHER RELATED
CASE NO. 3:25-CV-10386-CRB